*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2389**

Randy Lee Oulman,
Appellant,

vs.

Wade Setter, Superintendent,
Minnesota Bureau of Criminal Apprehension,
in his official capacity,
Respondent.

**Filed August 4, 2014
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62-CV-12-8895

Bradford Colbert, Legal Assistance to Minnesota Prisoners, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Angela Helseth Kiese, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Larkin, Judge; and Willis, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**ROSS**, Judge

A Colorado court convicted Randy Oulman of sex offenses. Those offenses required Oulman to register as a predatory offender for his entire life in Colorado under Colorado registration statutes but would have required him to register for only ten years in Minnesota under Minnesota registration laws if he had committed the offenses in Minnesota and been convicted here. Because Minnesota law honors the registration laws of other states by requiring offenders who relocate to Minnesota to register here under the terms imposed by the vacated state, Oulman asked the district court to relieve him of the Minnesota obligation to register for life based on his equal protection rights. The district court granted summary judgment against Oulman, a decision we affirm because Colorado sex offenders who immigrate to Minnesota are not similarly situated to sex offenders who committed their offenses in Minnesota, and Minnesota's registration statute affords similar treatment to all out-of-state offenders who relocate here.

## FACTS

Randy Oulman pleaded guilty in 1997 to Colorado charges of sexual exploitation of a child, attempted sexual exploitation of a child, and attempted sexual assault of a child. He was convicted of the Colorado offenses in Colorado and sentenced to six years in prison. Oulman ended his Colorado prison term in 2002 and was, under Colorado law, required to register for life as a predatory offender. Oulman left Colorado without registering but moved to Iowa and began registering in June 2002.

Oulman relocated to Minnesota in 2005 and filed the statutorily required registration forms in this state. Officials with the BCA's Predatory Offender Unit assessed Oulman's case, contacted Colorado officials, and learned that Oulman was required to register in Colorado for the rest of his life. Oulman commenced his registration in Minnesota beginning in September 2005 but later inquired about avoiding the requirement. Minnesota officials informed him that his duty to register in Minnesota remains so long as Colorado imposes a lifetime registration duty.

Oulman filed a civil complaint against the BCA's superintendent urging the district court to declare an end to his duty to register in Minnesota. He maintained that Minnesota Statutes section 243.166, subdivision 1b(b) (2012), which results in his Minnesota lifetime registration requirement based on his Colorado convictions and Colorado registration requirement, violates his state and federal constitutional rights to due process and equal protection and his constitutional right not to be subject to ex post facto laws. The superintendent moved for summary judgment, which the district court granted.

Oulman appeals the district court's summary judgment decision only under his equal protection theory.

## DECISION

Oulman challenges the district court's summary judgment decision. We review the district court's grant of summary judgment to decide whether any genuine issues of material fact are present and whether the district court correctly applied the law. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn.

3

2010). When the facts are undisputed, we review de novo the district court's application of the law. *Id.*

Oulman specifically challenges as unconstitutional his lifetime Minnesota registration requirement. A challenge to the constitutionality of a statute is a legal question, which we review independently. *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 653 (Minn. 2012). We presume statutes are constitutional and invalidate them only when absolutely necessary. *Id.* at 653–54. The party challenging the statute's constitutionality must prove beyond a reasonable doubt that the statute is unconstitutional. *Id.* at 654.

Oulman rests his constitutional challenge on his right to equal protection. The Equal Protection Clause of the United States Constitution provides that no state may "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Minnesota Constitution similarly declares that "[n]o member of this state shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." Minn. Const. art. I, § 2. We apply this section of the Minnesota Constitution under the same principles used to analyze the federal Equal Protection Clause. *Greene v. Comm'r of Minn. Dep't of Human Servs.*, 755 N.W.2d 713, 725 (Minn. 2008). These principles hold that similarly situated people should be treated similarly but that only invidious discrimination is unconstitutional. *Kolton v. Cnty. of Anoka*, 645 N.W.2d 403, 411 (Minn. 2002).

To prevail on his equal protection claim, Oulman must make the threshold showing that the predatory offender registration statute treats similarly situated individuals differently. *State v. Cox*, 798 N.W.2d 517, 521 (Minn. 2011). We may rely on federal law when deciding whether groups are similarly situated, and we decide the issue by asking whether the groups "are alike in all relevant respects." *Id.* at 521–22.

Oulman premises his equal protection claim on his argument that he is similarly situated to people convicted in Minnesota of offenses similar to his Colorado offenses, and he maintains that the registration statute treats him differently because he was convicted in Colorado. He is correct that Minnesota law requires him to register for life based on his convictions and registration requirement in Colorado. The predatory offender registration statute outlines the registration requirements for individuals convicted of offenses in Minnesota:

> A person shall register under this section if . . . the person was charged with . . . any of the following, and convicted of or adjudicated delinquent for that offense . . . [fourth-degree] criminal sexual conduct under section . . . 609.345 . . . or . . . using a minor in a sexual performance in violation of section 617.246.

Minn. Stat. § 243.166, subd. 1b(a)(1)–(2) (2012). The statute specifies that offenders must continue to register for at least ten years after they first register. *Id.*, subd. 6(a) (2012). But the statute imposes a different registration requirement on those who are convicted in other states and move to Minnesota:

> A person also shall register under this section if:
>
> (1)  the person was convicted of or adjudicated delinquent in another state for an offense that would be a violation of

5

a law described in paragraph (a) if committed in this state;

(2) the person enters this state to reside, work, or attend school, or enters this state and remains for 14 days or longer; and

(3) ten years have not elapsed since the person was released from confinement . . . unless the person is subject to a longer registration period under the laws of another state in which the person has been convicted or adjudicated, or is subject to lifetime registration.

If a person described in this paragraph is subject to a longer registration period in another state or is subject to lifetime registration, the person shall register for that time period regardless of when the person was released from confinement, convicted, or adjudicated delinquent.

*Id.*, subd. 1b(b). It reinforces this language when describing the registration period, stating that:

A person described in subdivision 1b, paragraph (b), who is required to register under the laws of a state in which the person has been previously convicted . . . shall register under this section for the time period required by the state of conviction or adjudication unless a longer time period is required elsewhere in this section.

*Id.*, subd. 6(e) (2012). The superintendent concedes that Oulman was convicted under Colorado statutes that are similar to Minnesota's statutes defining fourth-degree criminal sexual conduct and attempt to use a minor in a sexual performance. He also concedes that, although Colorado law imposes a lifetime registration requirement for Oulman's offenses, Oulman's Minnesota registration obligation would last only ten years if he had committed his crimes in Minnesota and been convicted under the corollary Minnesota statutes.

6

We believe that Oulman defines too broadly the relevant class as all individuals who commit crimes analogous to Minnesota's crimes of fourth-degree criminal sexual conduct and attempt to use a minor in a sexual performance, regardless of where those crimes were committed and where the convictions occurred. He would have us define the nature of the crime and the duty to register by ignoring where the crime and the conviction occurred. But individuals may be classified as dissimilarly situated based on location. *Schatz*, 811 N.W.2d at 656–57. The *Schatz* court rejected an equal protection challenge to a statute that controlled coverage of medical expenses for workers injured in Minnesota and subject to Minnesota's Worker's Compensation Act. The court held that workers injured on the job in Minnesota who then leave the state and receive medical treatment elsewhere are not similarly situated to workers injured in Minnesota who remain and receive medical care in Minnesota. *Id.* The court emphasized that, because Minnesota had jurisdiction over in-state providers but not necessarily out-of-state providers, employers wishing to challenge the cost of medical care had recourse against in-state providers but not necessarily against out-of-state providers. *Id.* at 657. We hold similarly that Oulman belongs to that class of persons who commit crimes in violation of another state's laws, who are subject to registration requirements of that state, and who relocate to Minnesota.

Given this class definition, Oulman has not taken his equal protection argument past the threshold. Minnesota's predatory offender registration statute treats all offenders in Oulman's class similarly. Oulman's registration duty is the same as anyone else's who has relocated to Minnesota with out-of-state convictions. Under the Minnesota statutory

7

scheme that Oulman challenges, everyone convicted after engaging in a Minnesota predatory crime is subject to a defined registration obligation, and everyone convicted after engaging in a Colorado offense is subject to whatever registration obligation Colorado law imposes.

Oulman would have us reach a different conclusion, broadly defining the class, based on the supreme court's discussion in *State v. Cox* that "a defendant [can] prevail on an equal-protection claim based on the disparity in sentencing for two different offenses [if] the defendant . . . first show[s] that a person who is convicted of committing one offense is similarly situated to people who are convicted of committing the other offense" and that "the two statutes prohibit the same conduct." 798 N.W.2d at 523. The argument includes flaws. We discuss only one of them, the most obvious: *Cox* was not discussing a regulatory statute by which Minnesota imposes different penalties (or different registration requirements) on two defendants who have engaged in the same conduct. The "conduct" that triggers registration is not merely the act of the offense but also the act of receiving an out-of-state conviction and becoming subject to the obligations of that state's registration requirements.

Oulman also cites several foreign cases to support his argument that the distinction between offenders with in-state convictions and those with out-of-state convictions is unconstitutional. Because each of these cases—none of which is binding on us—was decided on clearly distinguishable grounds, we reject the argument without further discussion. *See Doe v. Pa. Bd. of Prob. and Parole*, 513 F.3d 95, 102, 112 (3rd Cir. 2008) (striking down provisions of Pennsylvania registration law that provided an "extensive

8

adjudicatory process" to in-state offenders before subjecting them to community notification requirements but affording no similar process to out-of-state offenders); *ACLU of N.M. v. City of Albuquerque*, 137 P.3d 1215, 1226–27 (N.M. Ct. App. 2006) (spotting an equal protection violation in a local law that required offenders residing in other states to register if they spent three consecutive days in Albuquerque while not requiring sex offenders who lived in neighboring cities and worked in Albuquerque to register); *Hendricks v. Jones ex rel. State*, 2013 WL 5201235 (Okla. 2013) (holding that a sex offender registration statute violated equal protection rights because it required out-of-state offenders but not in-state offenders to register when convicted before the statute's enactment date).

Oulman, who is subject to Colorado's registration requirements because of his Colorado convictions, is not similarly situated to offenders convicted of similar (not necessarily identical) crimes in Minnesota. We therefore go no further with the equal protection analysis and need not consider whether the statute withstands rational basis review.

**Affirmed.**